NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY CHANCE,<br><br>           Plaintiff,<br><br>  v.<br><br>ST. MICHAEL'S MEDICAL CENTER,<br><br>           Defendant. | Case No. 22CV4526 (EP) (ESK)<br><br>**OPINION** |

  *Pro se* Plaintiff Barry Chance ("Plaintiff" or "Chance") brings an employment-related claim against Defendant Prime Healthcare Services – St. Michael's, LLC d/b/a/ St. Michael's Medical Center ("Defendant" or "St. Michael's Medical") in connection with the termination of his employment. Defendant now moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, Defendant's motion will be **GRANTED** and Plaintiff's Amended Complaint will be **DISMISSED** without prejudice.

  **I. BACKGROUND**[1]

  This matter arises from Plaintiff's termination of employment with Defendant. Specifically, Plaintiff alleges that, on November 16, 2018, he "was cleared by [his] Doctor to come back to work starting the week of November 12[, 2018]." D.E. 1-10 ("Am. Compl.") at 1. And that he was "cleared by the medical department on the 12th [but] was told to await a call from [his]

---

[1] For the purpose of this motion, the Court accepts Plaintiff's well-pled factual allegations as true.

supervisor." *Id.* Plaintiff never received a call from his supervisor. *Id.* Instead, he "called repeatedly up until the 16th which is when [Plaintiff] was told that [he] was terminated." *Id.*

Plaintiff now claims that Defendant violated the Family Medical Leave Act ("FMLA") by terminating Plaintiff's employment. *Id.* at 2. Defendant allegedly never intended to bring Defendant back to work following his leave of absence. *Id.* Plaintiff was told that he "abandoned [his] job." *Id.* Although Plaintiff does not specify what he said, he states that he contacted "all managers and supervisors," and that he was then told that he could have his job back. *Id.* But according to Plaintiff, Defendant wanted to change his work shift to one that Plaintiff could not accept. *Id.* Plaintiff did not go back to work for Defendant. Plaintiff claims that he has not been able to find another job. *Id.* at 3.

On November 16, 2021, Plaintiff filed his Initial Complaint in this matter in state court. D.E. 1-2. On June 13, 2022, he filed an Amended Complaint, which included an FMLA claim, and Defendant removed this matter to federal court. On August 2, 2022, Defendant moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. D.E. 4. On October 6, 2022, the Court (Judge Kiel) deemed Plaintiff's "Motion to Oppose Dismissal," *see* D.E. 9 at 3, his response to Defendant's motion. D.E. 10. Defendant filed a reply. D.E. 11. Defendant's pending motion to dismiss is now ripe for the Court's review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." A defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). To survive a Rule 12(b)(6) challenge, a plaintiff's claims, when accepted as true and viewed in the light most favorable to the plaintiff,

2

must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

However, satisfying Federal Rule of Civil Procedure 8(a)'s pleading standard, which is sufficient to survive a Rule 12(b)(6) challenge, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must include "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citations and quotations omitted); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.").

In considering a motion to dismiss a *pro se* action, reviewing courts must bear in mind that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Liberal construction does not, however, require the [c]ourts to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Additionally, there are limits to the courts' flexibility as "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## III.  DISCUSSION

Defendant raises three interrelated arguments in support of dismissing Plaintiff's Amended Complaint. First, Defendant asserts that Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)'s pleading standards. D.E. 4-1 ("Mot.") at 3. Second, Defendant contends that Plaintiff fails to allege a basis for liability under the FMLA. *Id.* at 3-5. Third, Defendant claims that Plaintiff's FMLA claim is untimely, as pled, because it does not plead a "willful violation" under the FMLA. *Id.* at 5-6. The Court agrees with Defendant; Plaintiff has not plausibly stated an FMLA claim against Defendant.

Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA or "discharge or in any manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1), (2). The first provision prohibits "interference" with an employee's FMLA rights and the second provision prohibits "retaliation" against an employee on the basis of

either requesting or taking FMLA leave. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009); *see also* 29 C.F.R. § 825.220(c) (2020).

To plead an FMLA interference claim, an employee must establish: "(1) [he] was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of [his] intention to take FMLA leave; and (5) the plaintiff was denied benefits to which [he] was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

To plead an FMLA retaliation claim, an employee must allege: "(1) [he] invoked [his] right to FMLA-qualifying leave[;] (2) [he] suffered an adverse employment decision[;] and (3) the adverse action was causally related to [his] invocation of rights." *Id.* at 193 (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012)).

Notably, in both the interference and the retaliation contexts, the employee must establish that he was protected under the FMLA and that he requested FMLA leave. *See Erdman*, 582 F.3d at 508-09; *see also White v. SP Plus Corp.*, 858 F. App'x 488, 489 (3d Cir. 2021). To establish protection under the FMLA, the employee "must demonstrate that he 'was an eligible employee under the FMLA' and that he was 'entitled to FMLA leave.'" *White*, 858 F. App'x at 489-90 (quoting *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 155 (3d Cir. 2017); *see also* 29 U.S.C. § 2611 (describing who qualifies as an "eligible employee" under the FMLA).

Despite interpreting the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to plead facts to support the elements of either an FMLA interference or retaliation claim.

First, the Amended Complaint makes only general, conclusory allegations that do not provide sufficient facts from which the Court could infer that Plaintiff was eligible for or entitled

5

to FMLA leave, or that he even requested such leave. *See id.* at 490 (explaining that while it was obvious that plaintiff took a leave of absence from work due to a hand injury, that plaintiff failed to allege any facts from which court could infer he was entitled to FMLA leave) (citation omitted). This fact alone prevents the Court from permitting an FMLA interference and/or retaliation claim to proceed. Specifically, while the Court can glean that Plaintiff took a leave of absence from work and that his doctor cleared him to return to work on November 16, 2018, Plaintiff does not allege, or even allude to, any facts indicating that he was an eligible employee under the FMLA, that he was entitled to FMLA leave, or that he requested FMLA leave at any point in time. *See* Am. Compl. at 1-2.

Additionally, the Amended Complaint fails to plead an FMLA retaliation claim for a second reason.[2] As relevant here, the Amended Complaint states that "[Defendant] willfully terminated [Plaintiff] intentionally violating the statute [FMLA]. [Defendant] violated the statute because [it] did not intend on bringing [Plaintiff] back. [Defendant] did not intend on bringing [Plaintiff] back. [Defendant] acted as if [it] were going to comply with FMLA and [sic] my return to work. [Defendant] then tried to say [Plaintiff] abandoned [his] job. When it was found that [Plaintiff] contacted all managers and supervisors as procedures, [Defendant] tried to say [Plaintiff] can have [his] job back […]." Am. Compl. at 1-2. From these allegations, the Court can infer only that Defendant terminated Plaintiff's employment, that Plaintiff believes Defendant never intended to return Plaintiff to work following his leave of absence, and that Defendant may have offered Plaintiff his job back (albeit allegedly only after Plaintiff contacted managers and supervisors). But the Court cannot infer that Plaintiff was terminated or suffered an adverse

---

[2] The Court notes that the Amended Complaint does not specifically note whether Plaintiff intends to plead an FMLA interference and/or retaliation claim.

employment action because he took FMLA leave.  *See Lichtenstein*, 691 F.3d at 302 (explaining that an employee must demonstrate that he suffered an "adverse employment action" *because he invoked his rights under the FMLA*) (emphasis added); *see also White*, 858 F. App'x at 490 (affirming district court's dismissal of plaintiff's FMLA claim because despite plaintiff's general allegation that he was fired as a result of taking medical leave, "he did not provide nearly enough detail (such as the dates he requested leave, took leave, or was terminated) to state a plausible FMLA claim.").  Thus, as pled, Plaintiff's FMLA claim cannot proceed.

Lastly, Defendant's pending motion to dismiss raises a timeliness issue.  Specifically, Defendant asserts that because Plaintiff's Amended Complaint does not sufficiently allege a "willful violation" of the FMLA, then it follows that any FMLA claim Plaintiff may have had would have become untimely as of November 16, 2020.  *See* Mot. at 5-6.  It is true that, typically, an FMLA claim must be brought within two years of "the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1).  Here, the "last event" triggering the statute of limitations occurred on November 16, 2018, when Plaintiff was terminated.  Thus, under the typical two-year statute of limitations for an FMLA claim, Plaintiff's Initial Complaint, which was filed on November 16, 2021, is untimely.

However, where a plaintiff can show that an employer willfully violated his FMLA rights, the statute of limitations is extended to three years.  29 U.S.C. § 2617(c)(2).  To make a showing of willfulness, an employee must show that the employer's interference or retaliation was knowingly in violation of the FMLA's statutory protections or the employer acted with reckless disregard for the same.  *Scheidt v. Donahoe*, 2014 U.S. Dist. LEXIS 170579, at *12-13 (D.N.J. Dec. 10, 2014) (citation omitted); *Durham v. Atl. City Elec. Co.*, 2010 U.S. Dist. LEXIS 103998, at *30-31 (D.N.J. Sept. 28, 2010) (citations omitted).  Plaintiff has not made this showing here,

because he only alleges that he was "willfully terminated." *See* Am. Compl. at 1-2. Therefore, as pled, Plaintiff's FMLA claim is untimely.

Accordingly, the Court will dismiss Plaintiff's FMLA claim against Defendant. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend the deficient complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). A court may deny leave to amend only if: (1) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (2) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this stage, the Court cannot conclude that Plaintiff's claim is futile. *See Burns v. Catholic Health*, 2016 U.S. Dist. LEXIS 47287, at *8 (D.N.J. Apr. 7, 2016) (dismissing plaintiff's FMLA claim and granting leave to amend after concluding that futility of plaintiff's claims could not yet be determined). Therefore, Plaintiff's FMLA claim will be dismissed without prejudice. Plaintiff will have thirty (30) days to file an amended complaint that cures the deficiencies stated herein. If Plaintiff does not file an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice.

### IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's Amended Complaint will be **GRANTED** and Plaintiff's Amended Complaint will be **DISMISSED**. An appropriate Order accompanies this Opinion.

Dated**:** January 11, 2023

Evelyn Padin, U.S.D.J.